**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY FOWLER,<br><br>     Plaintiff,<br><br>  v.<br><br>COUNTY OF LOS ANGELES, *et al.*,<br><br>     Defendants.<br>_____ | Case No. CV 10-2204 JVS (JCG)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT, IN PART, WITH LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |

**I.**

**PROCEEDINGS**

On May 5, 2010, plaintiff Gary Fowler ("Plaintiff"), a California prisoner incarcerated at California State Prison, Los Angeles County and proceeding *pro se*, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. (Compl. at 1-2.)  The Complaint names three defendants: (1) County of Los Angeles ("LA County"); (2) Sheriff Lee Baca ("Sheriff Baca"); and (3) Deputy Huang.  (*Id*. at 3.) Sheriff Baca and LA County are sued in their official capacities only, while Deputy Huang is sued in both his individual and official capacities.  (*Id.*)  On May 5, 2010, the Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on or about January 19 or 20, 2009, at the Twin Towers Correctional Facility in Los Angeles, Deputy Huang attempted to "verbally bait" Plaintiff "into a verbal confrontation[.]"  (Compl. at 3, 5.)  When Plaintiff "refused the bait," Deputy Huang accused Plaintiff of "liking 'to beat up cops[,]'" and approached Plaintiff as he was sitting down "on stairs."  (*Id.* at 5.)  Plaintiff "raised [his] left arm in front of [his] face for protection," but Deputy Huang "grabbed [Plaintiff's] arm, pulled [Plaintiff] to [his] feet, and slammed [him] into a metal door[.]"  (*Id.*)  Deputy Huang then "began rapidly punching away at [Plaintiff's] lower back."  (*Id.*)  "In an attempt to protect [himself], [Plaintiff] dropped to [the] ground and attempted [to get into] the fetal position[,]" but the beating continued.  (*Id.*)  Deputy Huang then handcuffed Plaintiff and escorted him to another part of the jail.  (*Id.*)  Plaintiff alleges that as he was being moved, Deputy Huang "punched [him in] the lower back one final time."  (*Id.*)

Based upon these factual allegations, Plaintiff appears to allege violations of his due process rights and the Eighth Amendment's prohibition on cruel and unusual punishment.  (Compl. at 5.)  Plaintiff requests $1,000,000 for pain and suffering, $1,000,000 in punitive damages, and injunctive relief.  (*Id*. at 6.)

## III.

## LEGAL STANDARDS

"[A]s soon as practicable after docketing," the Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding *in forma pauperis*, and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program."  *See* 28 U.S.C. §§ 1915(e)(2)-(h) and 1915A.  Under these provisions, the Court must *sua sponte* dismiss any prisoner civil rights action and all other *in forma*

*pauperis* complaints, or any portions thereof, which are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988, *as amended* Feb. 27, 1990 and May 11, 1990).

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 does not require "detailed factual allegations," a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* (internal citation omitted). Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads [enough] factual content [to] allow[] [a] court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) the conduct she complains of was committed by a person acting under color of state law; and (2) that the conduct violated a right secured by the Constitution or laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009, *as amended* Jan. 15, 2009 and Jan. 30, 2009), *cert. granted in part*, 130 S.Ct. 1501 (2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

**IV.**

**DISCUSSION**

A.    Plaintiff Fails to State a *Monell* Claim Against Sheriff Baca and Deputy
        Huang.

Plaintiff sued both Sheriff Baca and Deputy Huang in their official capacities. (Compl. at 3.)  Official-capacity claims "against individual municipal officers are claims against the municipality itself."  *Hill v. Baca*, 2010 WL 1727655, at *5 (C.D. Cal. Apr. 26, 2010); *see also Monell v. Department of Soc. Serv. of N.Y.*, 436 U.S. 658, 690 n. 55 (1978)[1]; *Green v. Baca*, 306 F.Supp.2d 903, 907 (C.D. Cal. 2004) ("[b]y suing [the Los Angeles County Sheriff] in his official capacity, plaintiff has asserted claims against Los Angeles County and/or the Los Angeles Sheriff's Department").

However, a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983."  *Monell*, 436 U.S. at 694.  Respondent superior or vicarious liability will not attach to a municipality under Section 1983.  *Id.* at 694-695.  Thus, a plaintiff must establish that "the action that is alleged to be unconstitutional implements or executes a policy ..., ordinance, regulation, or decision officially adopted and promulgated by" the municipality, or that the action was "visited pursuant to a governmental 'custom[.]'" *Id.* at 690-691.  Plaintiff must show that "deliberate action[,] attributable to the municipality itself[,] is the 'moving force' behind the plaintiff's deprivation of federal rights."  *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 400 (1997) (internal citation omitted).

Here, in support of his official-capacity claims, Plaintiff alleges that Sheriff Baca failed "to adequately administer justice[,] allow[ed] rampant abuses to take place[; and]

---

[1]    In *Monell*, the Supreme Court specifically rejected municipality liability based on the doctrine of *respondeat superior*.  *Monell*, 436 U.S. at 691.

4

violat[ed] civil rights[.]" (Compl. at 3.)  Such allegations fall far short of pleading a

viable *Monell* claim against LA County or the Sheriff's Department, as they are vague,

conclusory, and speculative; further, they fail to identify any official policy or custom

pursuant to which Deputy Huang allegedly assaulted Plaintiff.  *See Bell Atl. Corp.*, 550

U.S. at 555; *see also Iqbal*, 129 S.Ct. at 1949 (allegations that are "mere conclusions []

are not entitled to the assumption of truth ... [and] must be supported by factual

allegations"); *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir.

1997) ("[t]he description of a policy or custom and its relationship to the underlying

constitutional violation ... cannot be conclusory; it must contain specific facts"); *Oviatt

v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) ("[t]he existence of a policy, without

more, is insufficient to trigger local government liability under section 1983").

Although the Ninth Circuit has held that even a "bare allegation that [an] ... [officer's]

conduct conformed to official policy, custom, or practice" "is sufficient" to plead a

*Monell* claim, the Court finds that Plaintiff has failed to satisfy even that minimum

threshold here.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir.

2002).

Plaintiff also attempts to set out a *Monell* claim based on Sheriff Baca's alleged

failure to properly train and supervise employees such as Deputy Huang.[2]  (Compl. at

3, 5.)  "[T]he inadequacy of police training may serve as the basis for § 1983 liability

only where the failure to train amounts to *deliberate indifference* to the rights of

persons with whom the police come into contact."  *City of Canton v. Harris*, 489 U.S.

378, 388 (1989) (emphasis added).  In pleading such a claim, Plaintiff cannot "merely

alleg[e] that the existing training program ... represents a policy for which the city is

---

[2]   Although Plaintiff did not sue Sheriff Baca in his individual capacity as Deputy
Huang's *supervisor*, the Court notes that such a claim would fail here, given that Plaintiff
has not alleged any personal involvement by Sheriff Baca in the alleged constitutional
violation.  *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert
denied*, 502 U.S. 1074 (1992).

responsible." *Id.* at 389.  Instead, "[t]he issue ... is whether that training program is adequate; and if it is not, ... whether such inadequate training can justifiably be said to represent 'city policy.'" *Id.*  "Moreover, for liability to attach ...[,] the identified deficiency in a city's training program must be closely related to the ultimate injury. Thus ... , respondent must still prove that the deficiency in training actually caused the police officers' indifference" to Plaintiff's constitutional rights.  *Id.* at 391.

Other than making the threadbare allegation that Sheriff Baca "fail[ed] to adequately train and supervise" Deputy Huang, Plaintiff says nothing else about the alleged lack of training.  (Compl. at 5.)  The Complaint "does not identify what the training ... practices were, how the training practices ... were deficient, or how the training ... practices caused [Plaintiff's] harm."  *Young v. City of Visalia*, 2009 WL 2567847, at *7 (E.D. Cal. Aug. 18, 2009).  Consequently, the Court finds that Plaintiff has failed to plead enough "factual content" from which the Court could reasonably infer that Sheriff Baca's purported failure to train evidenced a "deliberate indifference" to Plaintiff's constitutional rights.  *See Iqbal*, 129 S.Ct. at 1949; *see also City of Canton*, 489 U.S. at 389, 391.  The Court also finds that Plaintiff has failed to link the alleged failure to train with Deputy Huang's alleged conduct, *i.e.*, that the alleged failure to train caused, or was the moving force behind, Deputy Huang's alleged assault of Plaintiff.  *Id.; see also Bd. of County Comm'rs*, 520 U.S. at 400.

Accordingly, Plaintiff's claims against Sheriff Baca and Deputy Huang, in their official capacities, are dismissed for failure to state a *Monell* claim upon which relief could be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

B.   Plaintiff Fails to State a *Monell* Claim Against LA County.

Plaintiff alleges that the County of Los Angeles "allows Sheriff[']s Department [personnel] to run rampant ... violating ... civil rights ... [and] refuses to take adequate steps to prevent" such violations.  (Compl. at 3.)  Like the claims against Sheriff Baca, these allegations are speculative, vague, and conclusory, and fail to identify any official policy or custom pursuant to which Deputy Huang allegedly assaulted Plaintiff.

1   *See Bell Atl. Corp.*, 550 U.S. at 555; *see also Iqbal*, 129 S.Ct. at 1949; *Spiller,* 130 F.3d

2   at 167; *Oviatt,* 954 F.2d at 1477; *Ivey v. Bd. of Regents of Univ. of Ala.*, 673 F.2d 266,

3   268 (9th Cir. 1982) ("[v]ague and conclusory allegations of official participation in

4   civil rights violations are not sufficient to withstand a motion to dismiss").  As such,

5   they are insufficient to state a *Monell* claim against LA County.

6         Plaintiff further alleges that "the *people* of [LA County,] aware of the history of

7   these types of abuses, choose to pay settlements as opposed to creating a system to

8   prevent this [behavior]."  (Compl. at 5 (emphasis added).)  Initially, the Court notes

9   that this allegation appears to implicate an alleged policy or custom of the *people* of

10  Los Angeles, as opposed to any official policy or custom of LA County itself.  (*Id.*)

11  However, even assuming that the allegation implicates a LA County official policy, the

12  Court finds that Plaintiff has failed to establish any link between the alleged policy or

13  custom of "choos[ing] to pay settlements" and Deputy Huang's alleged conduct.  In

14  other words, Plaintiff has failed to allege any facts that would indicate that this

15  purported custom or policy was the cause of, or a "moving force behind [P]laintiff's

16  deprivation of federal rights."  *Bd. of County Com'rs*, 520 U.S. at 400 (internal

17  quotation marks omitted).

18        Accordingly, the Court finds that Plaintiff's *Monell* claim against LA County

19  must be dismissed for failure to state a claim upon which relief could be granted.  *See*

20  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**V.**

**LEAVE TO AMEND**

23        The Court must construe "pro se pleadings ... liberally ..., particularly where

24  civil rights claims are involved."  *Balistreri*, 901 F.2d at 699.  But "a liberal

25  interpretation of a civil rights complaint may not supply essential elements of the claim

26  that were not initially pled."  *Ivey,* 673 F.2d at 268.  Accordingly, *pro se* litigants must

27  be given leave to amend unless it is absolutely clear that the deficiencies in a complaint

28  cannot be cured.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per*

*curiam*).  As the Court is unable to determine whether amendment to the Complaint would be futile, leave to amend is granted in an abundance of caution.

Within 30 days of this Order, that is, on or before June 25, 2010, Plaintiff may submit a First Amended Complaint to cure the deficiencies discussed above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing the First Amended Complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the First Amended Complaint and dismiss this action without further notice.

If Plaintiff chooses to file a First Amended Complaint, it must comply with Federal Rule of Civil Procedure 8, and contain short, plain statements explaining:  (1) the constitutional right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct.  *See* 42 U.S.C. § 1983; Fed. R. Civ. P. 8; *see also Humphries*, 554 F.3d at 1184; *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  If Plaintiff fails to affirmatively link the conduct of the defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant has violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," and it must be retyped or rewritten in its entirety on the court-approved form.  The First Amended Complaint may not incorporate any part of the original Complaint by reference.

Any amended complaint supercedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  After amendment, the Court will treat the original Complaint as nonexistent.  *Id.*  Any claim that was raised in the original Complaint is waived if it is not raised again in the First Amended Complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

8

# VI.

## ORDER

1.      Plaintiff's claim against defendant County of Los Angeles is **DISMISSED** with leave to amend, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, for failure to state a claim on which relief may be granted.

2.      Plaintiff's claims against defendants Sheriff Lee Baca and Deputy Huang, in their official capacities, are **DISMISSED** with leave to amend, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, for failure to state a claim on which relief may be granted.

3.      Plaintiff is given leave to amend and is **GRANTED** up to and including June 25, 2010, to file a First Amended Complaint curing the deficiencies discussed above.  Plaintiff is **NOTIFIED** that the First Amended Complaint may not add new claims or new defendants that were not involved in the conduct, transactions, or occurrences set forth in the original Complaint.  Fed. R. Civ. P. 15(c).  The First Amended Complaint shall be retyped or rewritten so that it is complete in itself without reference to the original Complaint, and shall be submitted on the court-approved form. After amendment, the Court will treat the original Complaint as nonexistent.

4.      If Plaintiff fails to file a First Amended Complaint by June 25, 2010, and/or such First Amended Complaint fails to comply with the requirements set forth in this Memorandum and Order, the Court may recommend that this action, or portions thereof, be dismissed with prejudice.

5.      The Clerk of Court is **DIRECTED** to send Plaintiff a prisoner civil rights complaint form so that he may amend the Complaint.

IT IS SO ORDERED.

DATED:  May 25, 2010

_____
HON. JAY C. GANDHI
UNITED STATES MAGISTRATE JUDGE